UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL ACTION NO. 2:13-CR-167-01 |
| WILLIAM HENNEBERGER | § | |

## OPINION AND ORDER DENYING EMERGENCY MOTIONS

On August 1, 2013, an amended judgment was entered sentencing Defendant to serve 15 months in the custody of the Bureau of Prisons to be followed by two years of supervised release, restitution of $2,391.01, and $100 special assessment (D.E. 68). Defendant was allowed to remain on bond pending appeal (D.E. 73), and his conviction and sentence were affirmed on November 10, 2014 (D.E. 93). Defendant was ordered to surrender to the Bureau of Prisons on January 7, 2015 (D.E. 94). Defendant has now filed an emergency motion for appointment of counsel to assist him with the filing of his § 2255 petition and for leave to remain on bond pending pursuit of his petition (D.E. 97, 96). Both motions are denied.

First Defendant seeks appointment of counsel to assist him with filing a motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255 (D.E. 97). A section 2255 movant is not automatically entitled to appointed counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. . .[o]ur cases establish that the right to appointed counsel extends to the first

appeal of right, and no further") (citations omitted)). Defendant Henneberger has cited no authority to the contrary. The motion is denied.

Second, Defendant Henneberger requests release on bond pending pursuit of the collateral attack. He cites as authority 18 U.S.C. § 3143(b). That statute by its terms applies only to release on bond pending sentencing and pending appeal. Henneberger was allowed to remain on bond pending the appeal process because the Court found that the appeal was not for purposes of delay and raised a substantial question of law or fact likely to result in a reduced sentence (D.E. 73). His appeal has been heard and his conviction and sentence affirmed.

Even if the terms of § 3143 were applied to Henneberger, he has not filed his § 2255 petition, and he has made no showing that there is a substantial likelihood that his conviction would be vacated on collateral attack or that an attorney for the United States has recommended no sentence of imprisonment. 18 U.S.C. § 3142(a)(2). Quite the contrary, a prison sentence of fifteen months has been imposed and affirmed. The motion (D.E. 96) is denied.

SIGNED and ENTERED on 12/16/14.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE