UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-167-1 |
| | § | |
| WILLIAM  HENNEBERGER | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant William Henneberger's ("Movant") motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 100), which he has amended twice (D.E. 113, 114) and supplemented with additional authority (D.E. 115).[1] The United States of America (the "Government") moved for summary judgment (D.E. 118), to which Movant filed a reply and declaration in support (D.E. 124, 125).

## I.  Background

In late 2011, the Department of Homeland Security ("HSI") began investigating the sale of illegally reproduced music albums, movies, and television shows at Corpus Christi, Texas flea markets. HSI agents saw Movant and his wife selling discs containing illegally reproduced material multiple times throughout 2012. Pursuant to a search warrant, HSI agents recovered 19,357 discs containing illegally-reproduced material from Movant's home. In February 2013, Movant and his wife were each indicted for criminal infringement of a copyright in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2. Both pleaded guilty in April 2013.

---

[1].  All citations to the docket sheet refer to Criminal Case No. 2:13-167-1.

The Probation Department thereafter prepared Movant's Presentence Investigation Report (PSR), which calculated his offense level and criminal history points. D.E. 33. The base offense level for a violation of 17 U.S.C. § 506(a)(1)(A) is determined by the value of the infringed material attributable to the defendant. The infringement amount exceeded $200,000,[2] rendering a preliminary base offense level of 22. Movant had no criminal history points, resulting in a criminal history category I. After subtracting two levels for acceptance of responsibility, Movant's total offense level was 20. Movant's offense level, combined with a criminal history category of I, yielded an advisory guideline range of 33–41 months' imprisonment.

During Movant's initial sentencing hearing in July 2014, he and his attorney argued that approximately 8,747 of the 19,357 counterfeit disks should be valued at only $5.00 each because they contained copies of television shows, which sold for less than movies. The Government ultimately agreed to lower the loss amount to reflect that 8,747 of the disks should be priced at $5.00 each. However, the changed loss amount did not affect the advisory sentencing range of 33–41 months because the infringement amount still exceeded $200,000, even after the agreed-upon reduction. Defense counsel further argued for a downward departure under 18 U.S.C. § 3553(a) based on Movant's history and characteristics. The Court granted a variance and sentenced Movant to 20 months' imprisonment.

---

[2]. The PSR determined Movant's total infringement amount after consulting the Motion Picture Association of America (MPAA) and Recording Industry Association of America (RIAA), which are trade associations that, among other things, investigate counterfeit movies and music and are the designated representatives of artists and studios in counterfeiting investigations. The PSR held Movant accountable for a total infringement amount of $288,585.85, which consisted of 19,357 movies on DVD at $14.85 each for a total of $287,451.45; 49 albums on CD at $13.75 each for a total of $673.75; and 37 digital movie files at $12.45 each for a total of $460.65.

Following entry of the judgment, Movant's counsel filed a timely notice of appeal and simultaneously moved to withdraw. The Court granted the motion and appointed new counsel. Movant's new attorney filed an emergency motion to correct Movant's sentence under Rule 35, which permits a court to correct "a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). New counsel argued that an additional 3,150 disks should have been valued at $5.00 each because they also contained television shows, which would have lowered Movant's offense level by two levels and reduced his advisory guideline range to 27–33 months. The Court held an evidentiary hearing and granted Movant's motion, concluding that Movant's adjusted infringement value of $170,088.35 corresponded to a total offense level of 18 and an advisory sentencing range of 27–33 months. The Court then re-sentenced Movant to 15 months' imprisonment, again granting him a variance below the applicable guideline range.

Movant's new counsel litigated his appeal before the Fifth Circuit, in which Movant asserted that his original trial counsel was constitutionally ineffective and that this Court erred in not granting him a third point for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). The Fifth Circuit affirmed Movant's sentence, declining to consider his ineffective assistance of counsel claim as premature and holding that this Court did not plainly err with respect to U.S.S.G. § 3E1.1(b).

Judgment became final when the Fifth Circuit dismissed Movant's appeal on November 10, 2014. *See* D.E. 92, 93 (USCA No. 13-40758). Movant filed the instant § 2255 motion on or about December 31, 2014. It is timely.

## II. Legal Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Moreover, a defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error.'" *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

## II. Analysis

### A. Movant's counsel at his initial sentencing was ineffective.

Movant first complains that counsel at his initial sentencing was ineffective because he: (1) had "little to no understanding of the facts involved in arguing the case;" (2) "failed to prepare or put up a proper defense against the government;" and (3) "did not perform to a reasonable standard." D.E. 100, pp. 14–15. Specifically, Movant claims that counsel was deficient in arguing for a lower infringement amount, which would have

lowered Movant's base offense level and ultimately his sentence. He also complains that counsel failed to properly object to Paragraph 32 of the PSR. According to Movant, had his counsel kept Paragraph 32 out of the record, his sentence would have been probation.

Generally, an ineffective assistance claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was objectively unreasonable, that is, outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Paragraph 32 of the PSR describes how the FBI began investigating Movant after his magazine published a letter falsely claiming to have been written by a local female reporter with whom Movant had a dispute because she had reported about Movant's business of selling counterfeit DVDs. In the letter, the reporter supposedly claimed to be an adult film actress. Movant also created a website that falsely claimed to be the reporter's website and displayed pornographic images of women who resembled the

reporter. Movant does not claim that this information is false, but instead that this conduct was protected under the First Amendment and was therefore inadmissible at sentencing. The Court finds that the conduct described in Paragraph 32 was relevant and admissible at sentencing, and counsel was not deficient for failing to object to its inclusion. *See* 18 U.S.C. § 3553(a) (providing that the Court shall consider "the history and characteristics of the defendant" and the need to "protect the public from other crimes of the defendant" at sentencing); *see also, e.g.*, *United States v. Curtin*, 489 F.3d 935, 953–54 (9th Cir. 2007) (en banc) ("[T]he Supreme Court has held on many occasions in other contexts that opinions and other information that otherwise might be entitled to First Amendment protection are not immune from discovery and use as evidence in court, as long as they are relevant to an issue in a given case."); *United States v. Kane*, 452 F.3d 140, 142 (2d Cir. 2006) (per curiam) ("The First Amendment 'does not erect a *per se* barrier' to the admission at sentencing of evidence regarding the defendant's [otherwise protected beliefs, association, or speech]. A sentencing court may consider such evidence so long as it is 'relevant to the issues involved' in the sentencing proceeding."); *Kapadia v. Tally*, 229 F.3d 641, 648 (7th Cir. 2000) ("Nothing in the Constitution prevents the sentencing court from factoring a defendant's statements into sentencing when those statements are relevant to the crime or to legitimate sentencing considerations.").

With regard to initial counsel's performance in arguing for a lower infringement amount, Movant's ineffective assistance of counsel claim must fail because he cannot establish that he was prejudiced by any alleged deficiency. As set forth above, Movant

was initially sentenced to a below-guideline sentence of 20 months' imprisonment. Movant then obtained new counsel, who corrected the deficiencies regarding the infringement amount about which Movant now complains, and Movant was resentenced to an even lower, below-guideline sentence of 15 months. Movant does not challenge his second counsel's performance and has not shown any deficiency in his first counsel's performance that would have resulted in him receiving an even lower sentence than that which his second counsel secured for him.

Accordingly, Movant is not entitled to relief on his ineffective assistance of counsel claim.

**B. The Government wrongfully failed to give Movant full credit for acceptance of responsibility.**

Movant next complains that the Government "wrongfully withheld the extra point off for taking responsibility." D.E. 100, p. 17. The original PSI reflected that Movant's offense level would be reduced by three points for acceptance of responsibility pursuant to U.S.S.G. §§ 3 E.1.1(a) and 3 E.1.1(b) because he had admitted the elements of the offense. D.E. 90, ¶ 23. However, the final PSI stated:

> **Adjustment for Acceptance of Responsibility:** The defendant has accepted responsibility for his criminal conduct by admitting the elements of the offense. However, according to counsel for the government, no motion will be filed with the Court, as the defendant is not eligible for the one point reduction under U.S.S.G. 3E1.1(b).

D.E. 33, ¶ 23.

On direct appeal, Movant argued that this Court erred by "permitting the government to withhold its motion for a one–point reduction in his total offense level under Section 3E1.1(b) of the Sentencing Guidelines." *United States v. Henneberger*, 592 F. App'x 233, 236 (5th Cir. 2014). The Fifth Circuit rejected that challenge, stating that it could not conclude that the Government withheld its motion for a one-point reduction for improper reasons because the record was silent as to the reason for the change. *Id.* Accordingly, this claim is not cognizable pursuant to § 2255. *See United States* v. *Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions").

Movant attempts to recharacterize his claim regarding the Government's wrongful withholding of the one-point reduction for the first time in response to the Government's motion for summary judgment, now stating that trial counsel was ineffective for failing to properly argue this issue at sentencing. D.E. 124, pp. 2, 7–10, 13–15. While Movant did make this claim on appeal, it was not raised in his initial § 2255 motion or any subsequent amendments to that motion. The Fifth Circuit has held that raising a claim for the first time in a response to a motion for summary judgment constitutes a waiver of such a claim. *See, e.g.*, *Criner v. Texas—New Mexico Power Co.*, 470 F. App'x 364, 371 (5th Cir. 2012) ("[W]e hold that [Plaintiff] waived her disparate impact claims by presenting them for the first time in her response to a motion for summary judgment."); *Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary

judgment is not properly before the Court."). However, the Fifth Circuit has also indicated that "[w]hen a pro se litigant raises, for the first time, a new issue in a reply to a responsive pleading, the district court may construe such a claim 'as a motion to amend his § 2255 motion.'" *United States v. Trevino*, 554 F. App'x 289, 293 (5th Cir. 2014) (unpublished) (quoting *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) (per curiam)). In deciding "whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment." *Trevino*, 554 F. App'x at 293 (quoting *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

As stated above, Movant previously amended his § 2255 motion twice and provided supplemental authority in support of his motion. He did not raise this ineffective assistance of counsel argument in any of those filings, despite having previously raised it on appeal. The Government did not address this claim in its motion for summary judgment and would be prejudiced by allowing amendment at this late stage. Finally, the Court finds that amendment would be futile because Movant has still failed to offer any evidence showing an improper motive on the part of the Government beyond his own declaration that his initial trial counsel told him that the Government withheld the third point for acceptance because "they're mad at you for filing objections to the PSR." D.E. 125, p.1. Without some admissible evidence of an improper motive on the part of the Government, the Court cannot find that counsel was objectively unreasonable in failing

to object to the Government's withholding its motion for a one-point reduction. Accordingly, Movant's motion to amend his § 2255 motion is denied.

Accordingly, Movant is not entitled to relief on his claim that the Government wrongfully withheld its motion for a one-point reduction in sentence.

### C. The Government engaged in prosecutorial misconduct.

Movant further complains that the AUSA engaged in misconduct and "did not up[hold] the high standard set for the Office of the United States Attorney" when he: (1) "presented extremely prejudicial false facts, misrepresented facts, and cited facts not in evidence and not in the PSR;" (2) "acted in a sarcastic and annoyed manner;" and (3) "unjustly withheld the extra point for acceptance." D.E. 100, p. 18.

Movant did not raise his prosecutorial misconduct claim on direct appeal. Where a defendant fails to raise a claim on direct review, "the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986); *Smith v. Murray*, 477 U.S. 527, 537 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)); *see also United States* v. *Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994). Here, Movant does not make any claim of actual innocence, nor does he assert that his prosecutorial misconduct claim could not have been presented at an earlier time without further factual development. Instead, he states that he did not raise this issue on appeal because "[i]t was never explained that these were violations of my Constitutional rights. However, I believe I have been prejudiced by these events and the result may constitute a miscarriage of justice." D.E. 100, p. 7.

The Court finds that Movant's conclusory explanation for his failure to raise his prosecutorial misconduct claim on appeal fails to meet the requirements set forth in *Bousley*.  Accordingly, this claim is procedurally defaulted. *See Segler*, 37 F.3d at 1134.

### D. Movant's due process rights were violated.

Movant raises several claims that his due process rights were violated during this case, none of which were raised on direct appeal. Specifically, Movant complains that: (1) one of the agents involved in the investigation was aware of an inappropriate relationship between Movant's wife/codefendant and the agent's nephew; (2) Movant did not have the proper facts available to be fully aware of the consequences of pleading guilty; (3) Paragraph 32 of the PSR was added in error and at the last minute, not allowing him enough time to prepare or convince his attorney to object to it;  and (4) Movant was only allowed three to four hours to view the evidence against him before sentencing, and the Government withheld Box 33 of the evidence.

Movant repeats his prior explanation for not raising these issues on appeal, again stating that "[i]t was never explained that these were violations of my Constitutional rights. However, I believe I have been prejudiced by these events and the result may constitute a miscarriage of justice." D.E. 100, p. 9. The Court finds that Movant's conclusory explanation for his failure to raise any of his due process claims on appeal fails to meet the requirements set forth in *Bousley*. Accordingly, Movant's due process claims are procedurally defaulted. *See Segler*, 37 F.3d at 1134.

### E.  Movant's sentence was unfair compared to his co-defendant.

Finally, in his second amendment to his § 2255 motion, Movant complains that his "due process rights were violated based on the fact that [his] sentence was considerably harsh compared to [his] wife/co-defendant's sentence of probation." D.E. 113, p. 2. Movant did not raise this issue on appeal; however, because his codefendant was not sentenced until after he appealed this case, the Court will consider his disparate sentence claim.

On this issue, the Fifth Circuit has stated:

> [A] mere disparity of sentences among codefendants does not, alone, constitute abuse of discretion, and a sentencing court is not required to enunciate the reasons underlying its decision. A judge is to be accorded wide discretion in determining an appropriate sentence. He is not obligated to consider codefendants' sentences when imposing sentence on a defendant. A defendant cannot rely upon his codefendants' sentences as a yard-stick for his own.

*United States v. Castillo–Roman*, 774 F.2d 1280, 1283–84 (5th Cir. 1985) (internal citations and quotations omitted). Here, Movant does not argue that his sentence exceeded the guideline range, or that the Court relied on factually inaccurate information when sentencing him. *See Id.* at 1283. Because Movant "cannot base a challenge to his sentence solely on the lesser sentence given by the district court to his codefendant," *United States v. Boyd*, 885 F.2d 246, 249 (5th Cir. 1989), this claim must fail.

Accordingly, Movant is not entitled to relief on his disparate sentence claim.

## III.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

**IV. Conclusion**

For the foregoing reasons, the Government's motion for summary judgment (D.E. 118) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 100) is **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

ORDERED this 10th day of September, 2015.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE